FILED
11/4/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
VJD

1:24-cr-00522
Judge Martha M. Pacold
MagJudge Daniel P. McLaughlin
RANDOM/ CAT 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE ANGEL CANOBBIO INZUNZA,<br>    also known as "Guero," "Guerito,"<br>    and "El 90" | Case No.<br><br>Violation: Title 21, United States Code, Section 963 |

The SPECIAL NOVEMBER 2023 GRAND JURY charges:

1. Beginning no later than in or about 2002, and continuing until at least on or about November 4, 2024, at Culiacan, Sinaloa, Mexico, and elsewhere,

JOSE ANGEL CANOBBIO INZUNZA,
    also known as "Guero," "Guerito," and "El 90,"

defendant herein, did conspire with Ivan Archivaldo Guzman Salazar, Jesus Alfredo Guzman Salazar, Joaquin Guzman Lopez, Ovidio Guzman Lopez, Co-Conspirator A, Co-Conspirator B, and with others known and unknown to the Grand Jury: (a) to knowingly and intentionally import into the United States from any place outside the United States, namely, Mexico, a controlled substance, namely, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Controlled Substance, and 1,000 kilograms or more of a mixture and substance

1

containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 952(a), and (b) to knowingly and intentionally manufacture and distribute a controlled substance, namely, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Controlled Substance, and 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a).

2. It was part of the conspiracy that JOSE ANGEL CANOBBIO INZUNZA worked with others to obtain and manufacture cocaine, methamphetamine, fentanyl, and marijuana within Mexico, and to import these controlled substances into the United States for sale and further distribution.

3. It was further part of the conspiracy that JOSE ANGEL CANOBBIO INZUNZA was a member and associate of the Guzman faction of the Sinaloa Cartel, led by Joaquin Guzman Loera ("El Chapo") and later by Ivan Archivaldo Guzman Salazar, Jesus Alfredo Guzman Salazar, Ovidio Guzman Lopez, and Joaquin Guzman Lopez ("the Chapitos"). Among other things, CANOBBIO INZUNZA served as a principal advisor, lieutenant, and security chief for Ivan Archivaldo Guzman Salazar.

4. It was further part of the conspiracy that JOSE ANGEL CANOBBIO INZUNZA financed and led the armed security group, *Los Chimales*, which provided security for, and engaged in armed conflict on behalf of, the Guzman faction of the Sinaloa Cartel, thereby assisting the Chapitos, CANOBBIO INZUNZA, and others in importing controlled substances into the United States and distributing controlled substances intending and knowing that such substances would be unlawfully imported into the United States.

5. It was further part of the conspiracy that JOSE ANGEL CANOBBIO INZUNZA was joined, supported, aided, and abetted in these drug-trafficking and security activities by Co-Conspirator A and Co-Conspirator B.

All in violation of Title 21, United States Code, Section 963.

## **FORFEITURE ALLEGATION**

The SPECIAL NOVEMBER 2023 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 21, United States Code, Section 963, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained, directly and indirectly, as a result of the offense; and any property used, and intended to be used, in any manner and part, to commit and to facilitate commission of the offense, as provided in Title 21, United States Code, Sections 853(a) and 970. The property to be forfeited includes, but is not limited to, a money judgment.

2. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States, Code Section 853(p), and Title 18, United States Code, Section 982(b).

A TRUE BILL:

_____
FOREPERSON

_____
MORRIS PASQUAL
ACTING UNITED STATES ATTORNEY
NORTHERN DISTRICT OF ILLINOIS

_____
TARA MCGRATH
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF CALIFORNIA

_____
MARLON COBAR, CHIEF
NARCOTIC & DANGEROUS DRUG
SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE